UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MOSES JONES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 1:03-CV-00351 |
| | ) |
| **ZEMCO MANUFACTURING, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Before the Court is a post-judgment motion filed by Plaintiff Moses Jones, who is *pro se*, on April 27, 2005, in response to the Court's entry of judgment on March 25, 2005, in favor of Defendant Zemco Manufacturing, Inc. (Docket # 53.) It is unclear under what rule Jones is seeking post-judgment relief, as he refers to his motion as a "motion for summary judgment," which is an inappropriate motion post-judgment. *See* Fed. R. Civ. P. 56. Nevertheless, in analyzing Jones's motion under the various post-judgment avenues available to him, his motion fails and will be summarily DENIED.

First, Jones's motion fails under two post-judgment actions because it was untimely filed. Any motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) must be filed within ten days of the entry of judgment, and any appeal of the judgment under Federal Rule of Appellate Procedure 4(a)(1) must be filed within thirty (30) days of the entry of judgment. *See* Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(1). Jones's motion was filed more than thirty days after the entry of judgment; therefore, Jones's motion was untimely filed under both rules, and thus is unsuccessful.

Second, while Jones clearly expresses his disappointment with the judgment, he falls short of articulating any grounds in his motion to justify relief from the operation of a final judgment pursuant to Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 60(b); *Harold Washington Party v. Cook County Ill. Democratic Party*, 984 F.2d 875, 879 (7th Cir. 1993) (granting district courts wide latitude in declining Rule 60(b) motions for relief); *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1204-05 (7th Cir. 1984) (emphasizing that relief from judgment pursuant to Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances); *U.S. v. Deutsch*, 981 F.2d 299, 301-02 (7th Cir. 1992) (requiring that a district court need not agonize over whether a motion asserts grounds for relief, as a movant under Rule 60(b) must make his contentions clear). Hence, Jones's motion also fails under Federal Rule of Civil Procedure 60(b).

For the reasons given herein, Plaintiff's motion is hereby DENIED. (Docket # 53.) SO ORDERED.

Enter for this 2nd day of May, 2005.

/S/ Roger B. Cosbey
_____
Roger B. Cosbey
United States Magistrate Judge